UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES F. KIERPIEC,

        Plaintiff,        Case No.  2:07-cv-151

v.        HON. R. ALLAN EDGAR

PATRICIA CARUSO, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff prisoner James F. Kierpiec filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Patricia A. Caruso, Carol Williams, Dr. Benjamin C. Scarff and RUO R. Heck.  Plaintiff alleges that he was denied medical care by defendants which amounted to cruel and unusual punishment.  Plaintiff alleges that he was denied medical care by Dr. Scarff concerning plaintiff's stomach pain on July 26, 2006.  Dr. Scarff continued to ignore plaintiff's complaints of pain in August and October.  Plaintiff alleges that the pain became unbearable and he had to have emergency surgery in December.  After plaintiff had surgery he began having testicular pain, but Dr. Scarff refused to examine plaintiff.  Plaintiff then saw another doctor and had emergency surgery to remove his testicle.  Plaintiff believes that he would not have lost his testicle if Dr. Scarff had taken plaintiff's complaints seriously and examined plaintiff when requested.

Plaintiff alleges that on December 3, 2006, he made a request to defendant Heck to call health services because he was experiencing chest pain.  Defendant Heck told plaintiff that plaintiff smoked too much and to kite health care.  When defendant nurse Williams made her rounds,

defendant Heck told her that there was nothing wrong with plaintiff. Another officer had to call health services. Plaintiff alleges that when he went to health services, nurse Williams stated that they had already went through this and refused to examine plaintiff. Another nurse examined plaintiff and plaintiff was rushed to the hospital to have emergency surgery. Plaintiff alleges that defendant Caruso as the MDOC director is ultimately responsible for her employees' conduct.

Defendant Scarff has filed a motion to dismiss the complaint for lack of exhaustion and for failure to state a claim. A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the

---

[1] The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was effective at times applicable to this lawsuit.

applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point

of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

Defendant Scarff asserts that plaintiff filed seven grievances and failed to name defendant Scarff in the grievances. Defendant filed only a motion to dismiss, but argues that the court may consider public records as part of his motion. Defendant does not attach the public records to his motion. Plaintiff did attach copies of his grievance filing to his response to defendant's motion. In grievance KCF 0701004312D4, plaintiff alleges that on January 10, 2007, Dr. Scarff gave him ten Ibuprofen or Motrin pills despite plaintiff having a recent perforated ulcer and bowel rupture. Plaintiff alleges that Dr. Scarff refused to treat him and prescribed him medication that represented a deliberate indifference to plaintiff's medical care. While it is true that plaintiff stated in Step I that he was told that the doctor was Dr. Hines, and plaintiff made no other identification in Step I, he did make a more specific identification in Step II. Plaintiff, however, failed to assert any allegations regarding this specific incident in his complaint. The allegations that plaintiff has asserted against Dr. Scarff were never grieved by plaintiff.

In KCF 07010002812d2, plaintiff raises concerns about his testicular pain. In Step I he asserted that "it went undiagnosed despite me bringing it to the attention of the doctor." At Step II plaintiff names Dr. Dunning as the doctor who examined him. In the opinion of the

undersigned, it is clear that plaintiff failed to grieve Defendant Scarff on any of the claims he is asserting in the complaint entitling Dr. Scarff to dismissal without prejudice.

For the foregoing reasons, I recommend that defendant Scarff's motion to dismiss (docket #53) be granted and that defendant Scarff be dismissed from this case without prejudice. If the Court adopts the recommendation of the undersigned, it is further recommended that defendant Scarff's motion for protective order staying discovery (docket #55) be denied as moot.

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 23, 2008

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).